UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
L & LEUNG LEATHERWARE LIMITED,

              Plaintiff and Counterclaim-
              Defendant,

        -against-

COLLECTION XIIX LTD. and LISA NUNZIATA,

              Defendants and
              Counterclaim Plaintiffs.
---------------------------------------------------------------X
COLLECTION XIIX LTD. and LISA NUNZIATA,

              Third-Party Plaintiffs,

        -against-

ANDREW LEUNG,

              Third-Party Defendant.
---------------------------------------------------------------X

17 Civ. 7374

ANSWER TO
COLLECTION XIIX, LTD.'S
COUNTERCLAIMS

        Plaintiff and counterclaim-defendant L & Leung Leatherware Limited ("L & Leung" or "Plaintiff") and third-party defendant Andrew Leung ("Leung"), as and for their answer to the counterclaims of defendant Collection XIIX Ltd. ("Collection") as alleged in Collection's Answer to Plaintiff's Complaint, Affirmative Defenses, and Counterclaims, dated December 15, 2017 (Doc. No. 14, the "Counterclaims"), respond as follows.

## NATURE OF THE CASE

        1.    Deny each and every allegation set forth in paragraph 1 of the Counterclaims.

        2.    Deny each and every allegation in paragraph 2 of Counterclaims, except admit that Collection seeks compensatory and punitive damages and a permanent injunction.

{N0519036; 6}

## THE PARTIES

3. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the Counterclaims.

4. Admit the allegations in paragraph 4 of the Counterclaims.

5. Admit the allegations in paragraph 5 of the Counterclaims.

## JURISDICTION AND VENUE

6. Deny each and every allegation set forth in paragraph 6 of the Counterclaims as legal conclusions to which no responsive pleading is required.

7. Deny each and every allegation set forth in paragraph 7 of the Counterclaims as legal conclusions to which no responsive pleading is required.

## SUMMARY OF THE CASE

8. Deny each and every allegation set forth in paragraph 8 of the Counterclaims, except admit that, in 2017, L & Leung encouraged Lisa Nunziata to find third-party financing for Metamorphosis New York, Inc.

9. Deny each and every allegation set forth in paragraph 9 of the Counterclaims, and respectfully refer the Court to the April 3, 2017 email for its full contents.

10. Deny each and every allegation set forth in paragraph 10 of the Counterclaims.

11. Deny each and every allegation set forth in paragraph 11 of the Counterclaims, and respectfully refer the Court to the May 21, 2017 email for its full contents.

12. Deny each and every allegation set forth in paragraph 12 of the Counterclaims.

13. Deny each and every allegation set forth in paragraph 13 of the

Counterclaims, and respectfully refer the Court to the proposed Termination Agreement for its full contents.

14. Deny each and every allegation set forth in paragraph 14 of the Counterclaims, except admit that L & Leung retained counsel in the United States.

15. Deny each and every allegation set forth in paragraph 15 of the Counterclaims, and respectfully refer the Court to the July 19, 2017 letter for its full contents.

16. Deny each and every allegation set forth in paragraph 16 of the Counterclaims.

## AS FOR A FIRST CAUSE OF ACTION
### (Defamation)

17. Repeat and reallege the allegations set forth above as if fully set forth herein.

18. Deny and each every allegation set forth in paragraph 18 of the Counterclaims.

19. Deny each and every allegation set forth in paragraph 19 of the Counterclaims.

## AS FOR A SECOND CAUSE OF ACTION
### (Tortious Interference with Prospective Business Relations)

20. Repeat and reallege the allegations set forth above as if fully set forth herein.

21. Deny each and every allegation set forth in paragraph 21 of the Counterclaims.

22. Deny each and every allegation set forth in paragraph 22 of the Counterclaims.

23. Deny each and every allegation set forth in paragraph 23 of the Counterclaims.

24. Deny each and every allegation set forth in paragraph 24 of the Counterclaims.

### AS FOR A THIRD CAUSE OF ACTION
### (Malicious Interference with Prospective Business Relations)

25. Repeat and reallege the allegations set forth above as if fully set forth herein.

26. Deny each and every allegation set forth in paragraph 26 of the Counterclaims.

27. Deny each and every allegation set forth in paragraph 27 of the Counterclaims.

28. Deny each and every allegation set forth in paragraph 28 of the Counterclaims.

### FIRST AFFIRMATIVE DEFENSE

29. The Counterclaims fail to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

30. The Counterclaims are barred, in whole or in part, by the claims asserted in L & Leung's Complaint.

### THIRD AFFIRMATIVE DEFENSE

31. The Counterclaims against Leung are barred, in whole or in part, because the Court lacks personal jurisdiction over Leung.

### FOURTH AFFIRMATIVE DEFENSE

32. The Counterclaims are barred, in whole or in part, by the doctrine of

unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

33. The Counterclaims are barred, in whole or in part, because L & Leung and Leung at all times acted in good faith.

## SIXTH AFFIRMATIVE DEFENSE

34. The Counterclaim for defamation is barred, in whole or in part, because the allegedly defamatory statements are true.

## SEVENTH AFFIRMATIVE DEFENSE

35. Collection has not sustained any compensable damages for which L & Leung or Leung may be liable.

## EIGHTH AFFIRMATIVE DEFENSE

36. Any damages suffered by Collection are reduced and/or set off by the amounts Collection owes L & Leung under, *inter alia*, L & Leung's claims asserted in the Complaint.

## NINTH AFFIRMATIVE DEFENSE

37. The Counterclaims are barred, in whole or in part, by Collection's failure to mitigate its damages, if any.

## TENTH AFFIRMATIVE DEFENSE

38. L & Leung and Leung give notice that they intend to rely upon other defenses that may become available or become apparent during subsequent proceedings in this matter and reserve their right to amend their Answer to assert such defenses.

WHEREFORE, L & Leung and Leung demand judgment:

    (i)    in L & Leung's favor on its Complaint and dismissing Collection's Counterclaims against L & Leung and Leung with prejudice;

     (ii)  and for such other and further relief as the Court deems just and proper.

Dated: New York, New York
    February 16, 2018

              SULLIVAN & WORCESTER LLP

              By: /s/ Gerry Silver
                Gerry Silver
               1633 Broadway, 32nd Floor
               New York, New York 10019
               Telephone:  (212) 660-3096
               Facsimile:   (212) 660-3001
               gerry.silver@sandw.com
               *Attorneys for L & Leung Leatherware*
                *Limited and Andrew Leung*