

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
———————————————————————— X

L & LEUNG LEATHERWARE LIMITED,                :
                                                                          :
                            Plaintiff and Counterclaim- :        17 Civ. 7374
                            Defendant,                           :
                                                                          :        ANSWER TO LISA NUNZIATA'S
                            -against-                           :        COUNTERCLAIMS AND
                                                                          :        THIRD PARTY COMPLAINT
COLLECTION XIIX LTD. and LISA NUNZIATA,    :
                                                                          :
                            Defendants and                 :
                            Counterclaim Plaintiffs.      :
———————————————————————— X
COLLECTION XIIX LTD. and LISA NUNZIATA,    :
                                                                          :
                            Third-Party Plaintiffs,       :
                                                                          :
                            -against-                           :
                                                                          :
ANDREW LEUNG,                                           :
                                                                          :
                            Third-Party Defendant.       :
———————————————————————— X

         Plaintiff and counterclaim-defendant L & Leung Leatherware Limited ("L &

Leung" or "Plaintiff") and third-party defendant Andrew Leung ("Leung"),  as and for their

answer to the counterclaims and third-party claims of defendant Liza Nunziata ("Nunziata") as

alleged in Nunziata's Answer and Counterclaims, and Third-Party Complaint, dated December

14, 2017 (Doc. No. 12, the "Counterclaims"), respond as follows.

<u>NATURE OF THE CASE</u>

         1.       Deny each and every allegation set forth in paragraph 1 of the

Counterclaims.

         2.       Deny each and every allegation set forth in paragraph 2 of Counterclaims.

         3.       Deny each and every allegation set forth in paragraph 3 of the

Counterclaims.

{N0519037; 5}

4.      Deny each and every allegation set forth in paragraph 4 of the Counterclaims, except admit that L & Leung asked Nunziata to find a finance partner to finance the expenses of Metamorphosis New York, Inc. ("Metamorphosis").

5.      Deny each and every allegation set forth in paragraph 5 of the Counterclaims, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Nunziata's negotiations with prospective business partners, and respectfully refer the Court to the proposed Termination Agreement for its full contents.

6.      Deny each and every allegation set forth in paragraph 6 of the Counterclaims, and respectfully refer the Court to the proposed Termination Agreement for its full contents.

7.      Deny each and every allegation set forth in paragraph 7 of the Counterclaims.

8.      Deny each and every allegation set forth in paragraph 8 of the Counterclaims.

9.      Deny each and every allegation set forth in paragraph 9 of the Counterclaims, except admit that Nunziata asserts the claims and seeks the relief identified therein.

<u>PARTIES</u>

10.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Counterclaims.

11.      Admit the allegations set forth in paragraph 11 of the Counterclaims.

12.      Admit the allegations set forth in paragraph 12 of the Counterclaims.

JURISDICTION AND VENUE

13.    Deny each and every allegation set forth in paragraph 13 of the Counterclaims as legal conclusions to which no responsive pleading is required.

14.    Deny each and every allegation set forth in paragraph 14 of the Counterclaims as legal conclusions to which no responsive pleading is required.

SUMMARY OF THE FACTS

15.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Counterclaims.

16.    Admit the allegations set forth in paragraph 16 of the Counterclaims.

17.    Deny each and every allegation set forth in paragraph 17 of the Counterclaims, except admit that Leung is a fifty percent owner of Metamorphosis.

18.    Deny each and every allegation set forth in paragraph 18 of the Counterclaims, except admit that L & Leung is and was at all relevant times engaged in the development, production, and distribution of handbags and other products, including for the United States market, at one time maintained an office at 320 Fifth Avenue, New York, NY, and entered into the Agreement with Nunziata.

19.    Deny each and every allegation set forth in paragraph 19 of the Counterclaims, except admit that Nunziata and L & Leung entered into the Agreement, and respectfully refer the Court to the Agreement for its full contents.

20.    Deny each and every allegation set forth in paragraph 20 of the Counterclaims, and respectfully refer the Court to the Agreement for its full contents.

21.    Deny each and every allegation set forth in paragraph 21 of the Counterclaims, and respectfully refer the Court to the Agreement for its full contents.

22.     Deny each and every allegation set forth in paragraph 22 of the Counterclaims, except admit that prior to Nunziata's breach of the Agreement and wrongful conduct set forth in the Complaint, L & Leung provided certain financing to Metamorphosis.

23.     Deny each and every allegation set forth in paragraph 23 of the Counterclaims, except admit that in or about early 2017, Leung came to New York.

24.     Deny each and every allegation set forth in paragraph 24 of the Counterclaims, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding meetings with "prospective new business partners".

25.     Deny each and every allegation set forth in paragraph 25 of the Counterclaims.

26.     Deny each and every allegation set forth in paragraph 26 of the Counterclaims, and respectfully refer the Court to the April 3, 2017 email for its full contents.

27.     Deny each and every allegation set forth in paragraph 27 of the Counterclaims.

28.     Deny each and every allegation set forth in paragraph 28 of the Counterclaims.

29.     Deny each and every allegation set forth in paragraph 29 of the Counterclaims.

30.     Deny each and every allegation set forth in paragraph 30 of the Counterclaims.

31.     Deny each and every allegation set forth in paragraph 31 of the Counterclaims, and respectfully refer the Court to the May 21, 2017 email for its full contents.

32.     Deny each and every allegation set forth in paragraph 32 of the

Counterclaims.

33.     Deny each and every allegation set forth in paragraph 33 of the Counterclaims, and respectfully refer the Court to the emails dated March 9, 2017 and June 26, 2017 for their full contents.

34.     Deny each and every allegation set forth in paragraph 34 of the Counterclaims, and respectfully refer the Court to the June 12, 2017 email for its full contents.

35.     Deny each and every allegation set forth in paragraph 35 of the Counterclaims, and respectfully refer the Court to the proposed Termination Agreement for its full contents.

36.     Deny each and every allegation set forth in paragraph 36 of the Counterclaims, and respectfully refer the Court to the proposed Termination Agreement for its full contents.

37.     Deny each and every allegation set forth in paragraph 37 of the Counterclaims, except admit that Nunziata did not sign the proposed Termination Agreement.

38.     Deny each and every allegation in paragraph 38 of the Counterclaims, and respectfully refer the Court to the letter, dated July 19, 2017, for its full contents.

39.     Deny each and every allegation set forth in paragraph 39 of the Counterclaims, and respectfully refer the Court to the letter, dated July 24, 2017, for its full contents.

40.     Deny each and every allegation set forth in paragraph 40 of the Counterclaims.

41.     Deny each and every allegation set forth in paragraph 41 of the Counterclaims, and respectfully refer the Court to any such license agreement amendment for its

full contents.

42.     Deny each and every allegation set forth in paragraph 42 of the Counterclaims.

43.     Deny each and every allegation set forth in paragraph 43 of the Counterclaims, and respectfully refer the Court to the copy of the webpage for its full contents.

44.     Deny each and every allegation set forth in paragraph 44 of the Counterclaims, and respectfully refer the Court to the business card for its full contents.

45.     Deny each and every allegation set forth in paragraph 45 of the Counterclaims.

46.     Deny each and every allegation set forth in paragraph 46 of the Counterclaims.

47.     Deny each and every allegation set forth in paragraph 47 of the Counterclaims.

## AS FOR A FIRST CAUSE OF ACTION
### (Breach of Management Agreement)

48.     Repeat and reallege the allegations set forth above as if fully set forth herein.

49.     Deny each and every allegation set forth in paragraph 49 of the Counterclaims, and respectfully refer the Court to the Agreement for its full contents.

50.     Deny each and every allegation set forth in paragraph 50 of the Counterclaims, and respectfully refer the Court to the Agreement for its full contents.

51.     Deny each and every allegation set forth in paragraph 51 of the Counterclaims.

52.     Deny each and every allegation set forth in paragraph 52 of the

Counterclaims.

53.     Deny each and every allegation set forth in paragraph 53 of the Counterclaims.

54.     Deny each and every allegation set forth in paragraph 54 of the Counterclaims.

55.     Deny each and every allegation set forth in paragraph 55 of the Counterclaims.

56.     Deny each and every allegation set forth in paragraph 56 of the Counterclaims.

## AS FOR A SECOND CAUSE OF ACTION
### (Defamation)

57.     Repeat and reallege the allegations set forth above as if fully set forth herein.

58.     Deny each and every allegation set forth in paragraph 58 of the Counterclaims.

59.     Deny each and every allegation set forth in paragraph 59 of the Counterclaims.

## AS FOR A THIRD CAUSE OF ACTION
### (Tortious Interference with Contract)

60.     Repeat and reallege the allegations set forth above as if fully set forth herein.

61.     Deny each and every allegation set forth in paragraph 61 of the Counterclaims.

62.     Deny each and every allegation set forth in paragraph 62 of the

Counterclaims, and respectfully refer the Court to the Agreement for its full contents.

63.     Deny each and every allegation set forth in paragraph 63 of the Counterclaims, except deny knowledge or information sufficient to for a belief as to Nunziata's agreement or arrangement with defendant Collection XIIX Ltd. ("Collection").

64.     Deny each and every allegation set forth in paragraph 64 of the Counterclaims.

65.     Deny each and every allegation set forth in paragraph 65 of the Counterclaims, except deny knowledge or information sufficient to for a belief as to Nunziata's agreement or arrangement with Collection.

66.     Deny each and every allegation set forth in paragraph 66 of the Counterclaims.

**AS FOR A FOURTH CAUSE OF ACTION**
**(Malicious Interference with Prospective Business Relations)**

67.     Repeat and reallege the allegations set forth above as if fully set forth herein.

68.     Deny each and every allegation set forth in paragraph 68 of the Counterclaims.

69.     Deny each and every allegation set forth in paragraph 69 of the Counterclaims.

70.     Deny each and every allegation set forth in paragraph 70 of the Counterclaims.

**AS FOR A FIFTH CAUSE OF ACTION**
**(Breach of Fiduciary Duty By Andrew Leung)**

71.     Repeat and reallege the allegations set forth above as if fully set forth

herein.

72.     Deny each and every allegation set forth in paragraph 72 of the Counterclaims as legal conclusions to which no responsive pleading is required, except admit that Leung is a fifty-percent owner of Metamorphosis.

73.     Deny each and every allegation set forth in paragraph 73 of the Counterclaims.

74.     Deny each and every allegation set forth in paragraph 74 of the Counterclaims.

## AS FOR A SIXTH CAUSE OF ACTION
### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

75.     Repeat and reallege the allegations set forth above as if fully set forth herein.

76.     Deny each and every allegation set forth in paragraph 76 of the Counterclaims.

77.     Deny each and every allegation set forth in paragraph 77 of the Counterclaims.

78.     Deny each and every allegation set forth in paragraph 78 of the Counterclaims.

79.     Deny each and every allegation set forth in paragraph 79 of the Counterclaims.

80.     Deny each and every allegation set forth in paragraph 80 of the Counterclaims.

## FIRST AFFIRMATIVE DEFENSE

81.     The Counterclaims fail to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

82.　　The Counterclaims are barred, in whole or in part, by the claims asserted in L & Leung's Complaint.

## THIRD AFFIRMATIVE DEFENSE

83.　　The claim against Leung is barred, in whole or in part, because the Court lacks personal jurisdiction over Leung.

## FOURTH AFFIRMATIVE DEFENSE

84.　　The Counterclaims are barred, in whole or in part, because Nunziata ratified the alleged conduct upon which her claims are based.

## FIFTH AFFIRMATIVE DEFENSE

85.　　The Counterclaims are barred, in whole or in part, by the doctrine of waiver.

## SIXTH AFFIRMATIVE DEFENSE

86.　　The Counterclaims are barred, in whole or in part, by the doctrine of estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

87.　　The Counterclaims are barred, in whole or in part, because Nunziata acquiesced to the alleged conduct upon which her claims are based.

## EIGHTH AFFIRMATIVE DEFENSE

88.　　The Counterclaims are barred, in whole or in part, because Nunziata consented to the alleged conduct upon which her claims are based.

## NINTH AFFIRMATIVE DEFENSE

89.　　The Counterclaims are barred, in whole or in part, by the doctrine of

unclean hands.

## TENTH AFFIRMATIVE DEFENSE

90.     The Counterclaims are barred, in whole or in part, because L & Leung and Leung at all times acted in good faith.

## ELEVENTH AFFIRMATIVE DEFENSE

91.     The Counterclaim for defamation is barred, in whole or in part, because the allegedly defamatory statements are true.

## TWELFTH AFFIRMATIVE DEFENSE

92.     Nunziata has not sustained any compensable damages for which L & Leung or Leung may be liable.

## THIRTEENTH AFFIRMATIVE DEFENSE

93.     Any damages suffered by Nunziata are reduced and/or set off by the amounts Nunziata owes L & Leung under, inter alia, L & Leung's claims asserted in the Complaint.

## FOURTEENTH AFFIRMATIVE DEFENSE

94.     The Counterclaims are barred, in whole or in part, by Nunziata's failure to mitigate her damages, if any.

## FIFTEENTH AFFIRMATIVE DEFENSE

95.     L & Leung and Leung give notice that they intend to rely upon other defenses that may become available or become apparent during subsequent proceedings in this matter and reserve their right to amend their Answer to assert such defenses.

WHEREFORE, L & Leung and Leung demand judgment:

(i)     in L & Leung's favor on its Complaint and dismissing Nunziata's Counterclaims against L & Leung and Leung with prejudice;

(ii)    and for such other and further relief as the Court deems just and
        proper.

Dated: New York, New York
       February 16, 2018

                              SULLIVAN & WORCESTER LLP


                         By: /s/ Gerry Silver
                                  Gerry Silver
                            1633 Broadway, 32nd Floor
                            New York, New York 10019
                            Telephone:  (212) 660-3096
                            Facsimile:  (212) 660-3001
                            gerry.silver@sandw.com
                            *Attorneys for L & Leung Leatherware
                             Limited and Andrew Leung*