USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/5/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

L & LEUNG LEATHERWARE LIMITED,

          Plaintiff and Counterclaim-Defendant,

-against-

COLLECTION XIIX LTD. and LISA NUNZIATA,

          Defendants and Counterclaim Plaintiffs.

---------------------------------------------------------------X

COLLECTION XIIX LTD. and LISA NUNZIATA,

          Third-Party Plaintiffs,

-against-

ANDREW LEUNG,

         Third-Party Defendant.

---------------------------------------------------------------X

17 Civ. 7374 (DAB) (GWG)

**STIPULATION AND ORDER OF CONFIDENTIALITY**

IT IS HEREBY STIPULATED AND AGREED, by and between plaintiff and counterclaim defendant L & Leung Leatherware ("L & Leung" or "Plaintiff"), third-party defendant Andrew Leung ("Leung") and defendants/counterclaimants/third-party plaintiffs Collection XIIX Ltd. ("Collection") and Lisa Nunziata ("Nunziata" and, together with Collection, "Defendants") (collectively, the "Parties," and each a "Party"), through their undersigned attorneys in the above-captioned action (the "Action"), as follows:

    1.    "Discovery Material," as such term is used herein, shall refer to:

        (a)    all transcribed testimony of the Parties;

        (b)    all documents and other discovery materials produced by any Party (i) pursuant to Rule 26(a) of the Federal Rules of Civil Procedure, (ii) in response to any discovery request, (iii) pursuant to any Order

      or direction of the Court, or (iv) pursuant to any agreement of the Parties;

(c)  all transcribed testimony of any person or entity that is not a party to the Action (a "Non-Party"); and,

(d)  all documents or other information submitted or produced by any Non-Party (i) in response to any subpoena issued in connection with or arising from the Action, (ii) pursuant to any Order or direction of the Court, or (iii) pursuant to any agreement with the Parties, or with any Party.

2.  All Discovery Material produced or disclosed by the Parties and by any Non-Parties shall be handled by the Parties in accordance with this Stipulation and Order of Confidentiality (the "Stipulation"). This Stipulation does not affect the rights of the Party or Non-Party producing or disclosing Discovery Material to the use of any Discovery Materials it has produced or disclosed.

3.  Any Party or Non-Party producing Discovery Material may designate as "Confidential" any Discovery Material that it deems in good faith is entitled to protection as business information of a proprietary or confidential nature (as so designated, "Confidential Discovery Material"). Documents produced in the Action may be designated "Confidential" by marking the pages of such documents with such designation. Any "Confidential" designation will be fully applicable to any information contained in or derived from any Discovery Material so designated. The Parties shall not use or disclose the Confidential Discovery Material other than in connection with or in relation to the Action, any related action or in enforcement of any judgment of this action.

4.  Any transcribed testimony may be designated as "Confidential" within thirty (30) days following receipt by the designating Party or Non-Party of a transcript thereof, and any testimony so designated shall be treated as Confidential Discovery Material under the terms of this Stipulation. Prior to the conclusion of such thirty-day period, all transcripts and the

information contained therein will be deemed to be Confidential in their entirety under the terms of this Stipulation.

5. A Party's or Non-Party's inadvertent production of any Discovery Material lacking a "Confidential" designation will not be deemed a waiver of that Party's or Non-Party's claim to the confidential nature of such Discovery Material, or estop said Party or Non-Party from designating said Discovery Material as "Confidential" at a later date. Disclosure of said Discovery Material by the receiving Party before such later designation shall not be deemed a violation of the provisions of this Stipulation.

6. A Party's or Non-Party's inadvertent production or disclosure of any Discovery Material entitled to protection under any applicable doctrine of privilege or immunity from disclosure shall not be deemed a waiver of any such privilege or immunity. Upon the request of the producing Party or Non-Party, the inadvertently produced or disclosed Discovery Material, including all copies, excerpts, notes and other materials containing or summarizing information derived therefrom, shall be returned immediately to the producing Party's or Non-Party's attorneys or, in the case of attorney work product, destroyed.

7. A Party may, after designation by the other party of any Discovery Material as Confidential, notify the designating Party, or, if applicable, the designating Non-Party, in writing, or in the case of testimony, either upon the record of such testimony or in writing later, of its objection to the designation of any material as Confidential Discovery Material. If the objection cannot be resolved by agreement of counsel within 20 days of written objection thereto, the designating Party shall have the option of bringing a motion for a protective order within fourteen (14) days of the expiration of the 20-day meet-and-confer time period, or withdrawing the designation. If the designating Party does not file a motion for

protective order within fourteen (14) days of the expiration of the 20-day meet-and-confer time period, the Confidential designation is automatically deemed withdrawn. If a motion for protective order is brought, the Discovery Material shall be treated as Confidential Discovery Material and subject to this Stipulation until the matter has been resolved by agreement of counsel of record or by Order or direction of the Court.

8. No Confidential Discovery Material may be disclosed to any person except:

(a) the Parties;

(b) counsel of record and such counsel's employees, contractors and agents;

(c) such outside experts and consultants as counsel may, in good faith, require to provide assistance in the conduct of the Action;

(d) the Court in connection with the Action;

(e) witnesses in the course of providing testimony in the Action or preparation therefor;

(f) any other person as to whom the producing Party agrees in writing; and,

(g) Any Court reporter transcribing depositions or in proceedings in the Action in which Confidential Material is shown to the deponent or witness, as well as litigation support and duplication services.

9. Before making disclosure of any Confidential Discovery Material to anyone described in Paragraph 8 above, except those persons described in subsections (a), (b) or (d) of such paragraph, a Party must obtain an agreement in writing, in the form attached hereto as Exhibit A, from such person reciting that he or she has read a copy of this Stipulation and agrees to be bound by its provisions, including, without limitation, (i) that he or she will not use or disclose the Confidential Discovery Material other than in connection with the Action, and (ii) that he or she will return to the Party or the counsel of record, at the conclusion of his or her

involvement in the Action, all Confidential Discovery Material that has been provided to him or her and all copies thereof. Such persons shall not make any copies of Confidential Discovery Material except as may be necessary in connection with their participation in the Action. Each Party shall maintain a list of all persons who have executed such agreements.

10. Each Party represents and agrees that, should it become necessary for any reason to file with the Court any Confidential Discovery Material, such Party will use its best, good faith efforts to maintain the confidentiality of any such Confidential Discovery Material, including but not limited to (i) seeking permission to file under seal any such Confidential Discovery Material provided by a Non-Party, and/or (ii) seeking permission to file under seal any such Confidential Discovery Material provided by a Party, and/or giving the other Party a reasonable opportunity to do so.

11. If a receiving Party is called upon to produce Confidential Discovery Material in order to comply with a court order, subpoena, or other direction by a court, administrative agency, or legislative body, the receiving Party from which the Confidential Information is sought shall (a) give written notice by overnight mail and either email or facsimile to the counsel for the producing Party within five (5) business days of receipt of such order, subpoena, or direction, and (b) give the producing Party five (5) business days to object to the production of such Confidential Discovery Material, if the producing Party so desires. Notwithstanding the foregoing, nothing in this paragraph shall be construed as requiring any party to this Stipulation to subject itself to any penalties for noncompliance with any court order, subpoena, or other direction by a court, administrative agency, or legislative body.

12. Each Party consents to the submission of this Stipulation to the Court to be "So Ordered," at any time during the pendency of the Action.

13. Within thirty (30) days following the termination of the Action, including any appeal, all Confidential Discovery Material, including all copies, excerpts, notes and other materials containing or summarizing information derived therefrom, shall be returned to the producing Party, the producing Party's attorneys, or destroyed, and all persons who possessed such material shall verify in writing its return or destruction.

14. Nothing contained in this Stipulation shall be deemed a waiver of any privilege or immunity or to affect in any way the admissibility of any document, testimony or other evidence in the Action. The provisions of this Stipulation are without prejudice to the right of any Party or Non-Party to seek other or additional protection from the Court for any documents or information that such Party or Non-Party believes may not be adequately protected by the provisions of this Stipulation. Nothing in this Stipulation shall operate as an admission by any Party or Non-Party that any particular document or information is, or is not, confidential. Failure to challenge a Confidential designation shall not preclude a subsequent challenge thereto.

15. Nothing in this Stipulation shall preclude any modification of this Stipulation by written agreement of the Parties, or shall preclude either Party from applying to the Court for an Order modifying this Stipulation.

16. Any disputes arising out of this Stipulation, or the enforcement thereof, shall be submitted to the Court for resolution. In addition to awarding damages, the Court shall be empowered to issue temporary, preliminary and permanent injunctive relief to address any

threatened or actual breach of this Stipulation.

Dated: New York, New York  
      March 8, 2018

Dated: New York, New York  
      March 8, 2018

SULLIVAN & WORCESTER LLP

By: *Gerry Silver* CAR  
    Gerry Silver  
1633 Broadway  
New York, New York 10019  
Telephone: (212) 660-3000  
Fax: (212) 660-3001  
Email: gerry.silver@sandw.com

*Attorneys for Plaintiff/Counterclaim Defendant L & Leung Leatherware Limited and Third-Party Defendant Andrew Leung*

MOSKOWITZ & BOOK, LLP

By: *[signature]*  
    David A. Stein  
345 Seventh Avenue, 21st Floor  
New York, NY 10001  
Telephone: (212) 221-7999  
Fax: (646) 833-1657  
Email: dstein@mb-llp.com

*Attorneys for Defendants/Counterclaimants/Third-Party Plaintiffs Collection XIIX Ltd. and Lisa Nunziata*

SO ORDERED  
*Deborah A. Batts*  
Hon. Deborah A. Batts  
United States District Judge

Dated: April 5, 2018

EXHIBIT A

I, _____, hereby acknowledge that I have read the foregoing Stipulation and Order of Confidentiality (the "Stipulation") in the action captioned <u>L & Leung Leatherware Limited v. Collection XIIX Ltd. and Lisa Nunziata</u>, 17 Civ. 7374 (DAB) (GWG) (the "Action"), and understand the terms thereof. I agree: (i) that I will not use the Confidential Discovery Material as such term is defined in the Stipulation for any purpose other than in connection with the prosecution or defense of the Action; (ii) that I will not further disclose or disseminate the Confidential Discovery Material except in testimony taken in the Action; and, (iii) that I will otherwise comply with the terms of the Stipulation. I shall not make any copies of Confidential Discovery Material except as is necessary in connection with my participation in the Action. At the conclusion of my involvement in the Action, I will return to the Party or the counsel of record all Confidential Discovery Material that has been provided to me and all copies thereof.

Dated: _____

_____
Signature

_____
Print Name

_____
Address