

101 Park Avenue, 17th Floor
New York, NY 10178
Tel 212.878.7900  Fax 212.692.0940
www.foxrothschild.com

BRETT BERMAN
Direct Dial: (212) 878-7900
Email Address: BBerman@FoxRothschild.com

July 8, 2019

**VIA ECF**

The Honorable Deborah A. Batts
United States District Court
United States Courthouse
500 Pearl Street, Room 2510
New York, NY 10007

    Re:    **L & Leung Leatherware Limited v. Collection XIIX Ltd. et al**
             **Index No. 1:17-cv-07374-DAB**

Dear Judge Batts:

This firm represents defendant/counterclaimant Collection XIIX Ltd. ("Collection XIIX") and defendant/counterclaimant/third-party plaintiff Lisa Nunziata ("Nunziata", and together with Collection XIIX, "Collection") in the above-referenced matter.  Pursuant to Your Honor's Individual Rule of Practice II(B)(2), Collection writes the Court to set forth the basis for its proposed motion for summary judgment.

**Background**

This matter arises out of the dissolution of a business relationship between Nunizata and plaintiff/counterclaim defendant L & Leung Leatherware Limited ("L & Leung").  For almost a decade, Nunziata designed, marketed and sold women's leather goods and handbags in the United States on behalf of Leung, which manufactured the goods in China.

Pursuant to a management agreement, Nunziata grew L & Leung's U.S. business through an entity named Metamorphosis.  The business arrangement agreed to between Nunziata and L & Leung was that customers would pay L & Leung, which would then use the funds to manufacture the bags and provide funds to Metamorphosis for payroll, rent for the New York office space, and business operating expenses.

In early 2017, L & Leung's principal, Andrew Leung ("A. Leung"), informed Nunziata that he no longer wanted to continue to operate in the United State.  Nunziata was told she should find a business partner to transition the business.  L & Leung then cut off funding the operations of



The Honorable Deborah A. Batts
July 8, 2019
Page 2

Metamorphosis in New York, leaving pending orders in danger of being cancelled, bills overdue and staff members unpaid.

Faced with the livelihood of numerous Metamorphosis employees, mounting bills, and purchase orders to fulfill, Nunziata was forced to infuse her own money into the business, despite pleading with L & Leung to hold up its end of the bargain.  Eventually, as originally directed by A. Leung, Nunziata found a new business partner and was hired, along with her team, by Collection XIIX to continue handbag sales.

**Proposed Motion for Summary Judgment**

Collection seeks summary judgment on L & Leung's <u>fourth cause of action</u> for conversion, <u>fifth cause of action</u> for breach of contract and <u>sixth cause of action</u> for moneys had received.  With respect to the fourth and sixth causes of action, L & Leung erroneously alleges that Nunziata received approximately $180,000 of customer checks and used them for her own benefit and purposes.  In fact, Nunziata used every penny of the funds to pay the legitimate business expenses of Metamorphosis after L & Leung cut off funding, as documented by receipts and cancelled checks provided during discovery.  Nunziata did not personally deposit any of the funds nor use any funds for her own expenses.  Regarding the fifth cause of action, L & Leung incorrectly claims that Nunziata breached their agreement by seeking a new business partner, when in fact it was L & Leung that failed to fulfill its obligations under the contract and directed Nunziata to find new opportunities.

Collection also seeks summary judgment on its <u>first counterclaim</u> for breach of management agreement, arising out of L & Leung's failure to pay Nunziata sales commissions and failure to provide funds to support Metamorphosis' business operations in the United States.  L & Leung were required to make these payments under the management agreement and pursuant to the parties' course of conduct over the prior almost 10 years.  Nunziata has been damaged in an amount to be determined at trial, but at least $333,010.56.

We thank the Court for its attention to this matter.

Respectfully submitted,

Brett A. Berman

Active\98348581.v1-7/8/19