

**Sullivan & Worcester LLP**
1633 Broadway
New York, NY 10019

212 660 3000
sullivanlaw.com

July 18, 2019

**BY ECF FILING**
Hon. Deborah A. Batts
United States Courthouse
500 Pearl Street, Courtroom 2510
New York, New York 10007-1312

      Re:    <u>L & Leung Leatherware Limited v. Collection XIIX Ltd. and Lisa Nunziata, 17 Civ. 7374 (DAB) (GWG)</u>

Dear Judge Batts:

      We represent plaintiff Leung Leatherware (abbreviations used in our letter dated July 8, 2019 (ECF 54; the "Leung Leatherware July 8 Letter") setting forth Leung Leatherware's proposed basis for summary judgment are used herein and that letter is incorporated by reference).  We submit this letter in response to Defendants' letter dated July 8, 2019 (ECF 53; "Defendants' July 8 Letter") setting forth the basis for their proposed motion for summary judgment.

      Leung Leatherware agrees with Defendants that there are no genuine issues of material fact precluding summary judgment, and respectfully submits that this case is ripe for summary judgment.  However, based on the undisputed material facts and applicable law, Defendants' proposed motion is without merit.

      <u>First</u>, Defendants seek leave to move for summary judgment on Leung Leatherware's <u>fourth cause of action</u> for conversion and <u>sixth cause of action</u> for monies had and received against Nunziata.  Both of these claims relate to Nunziata's wrongdoing set forth in Leung Leatherware's July 8 Letter, namely that Nunziata diverted $182,636.07 in checks made payable to Leung Leatherware into a new bank account she improperly opened in Leung Leatherware's name -- without telling Leung Leatherware she was doing so and in fact writing to Leung Leatherware that the monies were not received because the customers had financial problems.

      Nunziata admits that she diverted the funds and therefore these claims are ripe for summary judgment -- in favor of Leung Leatherware.  It is irrelevant as a legal matter whether Nunziata used the funds to pay alleged debts on behalf of an entirely separate corporation (Metamorphosis), or used the money to pay her personal credit card bills – the monies belonged to Leung Leatherware.  Nunziata knew this, which is why she did not disclose her conduct and in fact made misrepresentations to mask her wrongdoing.

      Further, Nunziata's argument that her misconduct should be excused based on her conclusory allegations that Andrew Leung said he would be retiring or that Leung Leatherware had stopped funding the US Operation not only fail to excuse her misappropriation of funds as a legal matter, but also fail because the undisputed evidence is replete with Nunziata's deposition testimony admissions and written documents (including numerous Nunziata emails) wherein

Nunziata concedes that Leung Leatherware was and would be continuing to conduct business and that Nunziata knew this, and that Leung Leatherware was continuing to fund the US Operation at the time (and after) Nunziata diverted the checks. See, e.g., Shabazz v. Pico, 994 F. Supp. 460, 470 (S.D.N.Y. 1998) (Sotomayor, J.) (party cannot create a material issue of fact by disputing her own prior sworn testimony and "under the case law of this Circuit, [a party's summary judgment] opposition papers may be properly disregarded based on [the party's] inconsistent and contradictory statements"); Inman v. City of New York, 2011 U.S. Dist. LEXIS 104232, *10 *(S.D.N.Y. September 13, 2011) (Batts, J.) (conclusory allegations insufficient, as specific evidence is required – summary judgment is time "to put up or shut up").

Second, Defendants seek leave to move for summary judgment dismissing Leung Leatherware's fifth cause of action for Nunziata's breach of her Agreement with Leung Leatherware. Defendants seek summary judgment on the grounds that "L & Leung incorrectly claims that Nunziata breached their agreement by seeking a new business partner, when in fact it was L & Leung that failed to fulfill its obligations under the contract and directed Nunziata to find new opportunities" (Defendants' July 18 Letter at p. 2). Defendants misstate Leung Leatherware's breach of contract claim. As an initial matter, it is undisputed that it was Nunziata who suggested finding a "finance partner" to provide financing to the U.S. operation, and it is undisputed that Leung Leatherware believed she was doing so. That is not the basis of Leung Leatherware's breach of contract claim.

Rather, Leung Leatherware's breach of contract claim is based on Nunziata, while continuously informing Leung Leatherware that she was looking for a "finance partner" to finance their continuing business, surreptitiously taking orders first in the name of Haskell and then in the name of Collection (instead of Leung Leatherware) without advising Leung Leatherware – during the same time that Nunziata was contractually obligated to be acting for Leung Leatherware. Indeed, during this time frame, Leung Leatherware indisputably continued to fund the U.S. Operation and pay Nunziata and others their salaries. The breach of contract claim is ripe for summary judgment, but in favor of Leung Leatherware.

Third, Defendants seek leave to move for summary judgment on Nunziata's first counterclaim for breach of the Agreement based on Leung Leatherware purportedly (i) failing to pay commissions to Nunziata, and (ii) failing to fund the US Operation. However, any alleged obligation to pay commissions was excused as a matter of law by Nunziata's multiple prior material breaches set forth herein and in Leung Leatherware's July 8 Letter. In addition, Nunziata has not and cannot present specific evidence that the alleged commissions were earned.

Further, nothing in the Agreement requires Leung Leatherware to fund the US Operation, and in any event Leung Leatherware indisputably did so throughout the time period of Nunziata's misconduct, including up through the time she and Collection secretly misappropriated Leung Leatherware's customers, brands, employees and business and advised Leung Leatherware's customers that Leung Leatherware had merged with Collection.

        Respectfully submitted,
        /s/Gerry Silver, Esq.
        Direct line: 212-660-3096
        gsilver@sullivanlaw.com